UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL R. WASILEWSKI,
DONNA WASILEWSKI,

                                Plaintiffs,

    v.

JOSEPH J. KUNZMANN,
M.C. TANK TRANSPORT, INC.,

                                Defendants.

                **DECISION**
                   and
                 **ORDER**

            14-CV-843S(F)

_____

APPEARANCES:        CELLINO & BARNES, P.C.
                             Attorneys for Plaintiffs
                             BRIAN A. GOLDSTEIN,
                             DAVID M. GOODMAN, of Counsel
                             2500 Main Place Tower
                             350 Main Street
                             Buffalo, New York 14202

                             GIBSON, MCASKILL & CROSBY, LLP
                             Attorneys for Defendants
                             ROBERT E. SCOTT, of Counsel
                             69 Delaware Avenue, Suite 900
                             Buffalo, New York 14202-3866

      In this personal injury action based on diversity, Plaintiffs move (Doc. No. 21) pursuant to Fed.R.Civ.P. 15(a)(2) ("Rule 15(a)(2)"), for leave to file an amended complaint adding four entities allegedly related to Defendant Joseph J. Kunzmann ("proposed additional defendants") ("Plaintiffs' motion for leave to file an amended complaint"), and pursuant to Fed.R.Civ.P. 16(b) to amend the Scheduling Order for this cased filed January 14, 2015 (Doc. No. 10) ("the Scheduling Order") ("Plaintiffs' motion to amend the Scheduling Order") (collectively "Plaintiffs' motions"). Plaintiffs' claims arise from Plaintiff Daniel R. Wasilewski's fall from a tanker truck, operated by Defendant Kunzmann and owed by Defendant M.C. Tank Transport, Inc., while the

tanker truck was being filled with sulfuric acid in Buffalo, New York on August 5, 2014. Plaintiffs maintain, without further explanation, that such amended complaint is necessary, possibly to facilitate execution of any judgment against Defendant Kunzmann's assets. (Doc. No. 21-1) ¶ 10.  By affirmation filed August 26, 2014 (Doc. No. 23), Defendants oppose Plaintiffs' motion for leave to file an amended complaint on the ground that Plaintiffs' claims against the proposed additional defendants are not covered by the insurance policy which insures proposed defendant Joe Kunzmann, Inc. Doc. No. 23 ¶ 5.  According to Defendants, only one policy issued by Great West Casualty Company may provide coverage for Plaintiffs' claims based on the alleged facts.  *Id.* ¶ 9.  However, Defendants do not oppose Plaintiffs' motion to amend the Scheduling Order.  *Id.* ¶ 2.  Plaintiffs respond that the presence or absence of insurance coverage for proposed defendants is irrelevant to Plaintiffs' motion to amend.  Doc. No. 25 ¶ 8.

It is well-established that motions to amend pursuant to Rule 15(a)(2) should be freely granted unless such grant would cause prejudice to a party, represent undue delay, or is futile.  *See Foman v. Davis*, 371 U.S. 178 (1962).  Here, Defendants do not oppose Plaintiffs' motion for leave to file an amended complaint on any of these grounds; rather, Defendants merely state that, according to Defendants, because only one of the proposed defendants, Joe Kunzmann, Inc., has insurance and Plaintiffs' claims fall outside the coverage of this policy, Plaintiffs' motion for leave to file an amended complaint to add the proposed additional defendants related to Defendant Joseph J. Kunzmann, the alleged principal of the proposed additional defendants,

should be denied.[1]  Of course, the presence or absence of insurance coverage for a party (even assuming such fact could be definitively established) is, under applicable New York law, irrelevant to liability.  *See Leotta v. Plessinger,* 171 N.E.2d 454, 461 (N.Y. 1960) (whether a defendant has obtained liability insurance is irrelevant to the issues of negligence and highly prejudicial and therefore inadmissible).  On the other hand, while a potential lack of insurance may bear on the question of whether to add a party, in the absence of a showing by Defendants that Plaintiffs' claims against the proposed additional defendants would require immediate dismissal and thus are futile, a contention not asserted by Defendants, the court fails to see why the asserted unavailability of insurance for these proposed additional defendants based on Plaintiffs' claims require, as Defendants assert, that Plaintiffs' motion for leave to file an amended complaint be denied.  Defendants do not further elaborate on this novel proposition and cite to no authority in support.  Accordingly, Plaintiffs' motion for leave to file an amended complaint should be GRANTED.

As noted, Plaintiffs' motion to amend the Scheduling Order is unopposed.  However, as Plaintiffs did not submit any proposed new cut-off dates for the Amended Scheduling Order the court is unable to include any on an informed basis.  Accordingly, Plaintiffs' motion to amend the Scheduling Order should be GRANTED and the parties directed to meet and confer and jointly or individually propose to the court new dates for the remaining phases of the case to be included in the Amended Scheduling Order.

---

[1]  Nor do Defendants oppose Plaintiffs' motion for leave to file an amended complaint on the ground that it was filed after the Scheduling Order's February 26, 2015 cut-off for such motions without establishing excusable neglect pursuant to Fed.R.Civ.P. 6(b)(1)(B) to amend the Scheduling Order at this time to permit such motion.  *See Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004), *adopted* 233 F.R.D. 126 (W.D.N.Y. 2005) (refusing to amend scheduling order to enlarge time based on plaintiff's failure to show excusable neglect to amend scheduling order).  Accordingly, the court finds Defendants waived this potential objection to Plaintiffs' motion for leave to file an amended complaint.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for leave to file the proposed amended complaint (Doc. No. 21) is GRANTED; Plaintiffs' motion to amend the Scheduling Order (Doc. No. 21) is GRANTED.  Plaintiffs shall file and serve the proposed Amended Complaint (Doc. No. 21-8) in accordance with Local R.Civ.P. 15(c). [2] The parties shall submit a proposed Amended Scheduling Order **not later than October 30, 2015.** SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2015
       Buffalo, New York

---

[2] The parties are reminded that under federal law corporations may only appear by counsel. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (a corporation can appear in a federal court only by counsel, and cannot be represented *pro se* by its principal).